familiar with your cases we've studied them we've read the briefs and the relevant parts of the record so feel free to jump right into the heart of your argument without wasting any time reminder about our traffic light system of timing when the yellow light comes on you have two minutes left and you're a lot of time when the light turns red we ask that you please bring your remarks to a rapid close unless you're answering a question from the court and then you may finish your answer also pleased to have here today some law students who are here to learn a bit a little bit more about the court observe all our oral arguments and have lunch with us and ask us some questions so welcome to you all excuse me our first case of the morning is number 20 dash one two four five seven United States versus Shane Harris mr. Cummings thank you good morning your honors and counsel may it please the court as Erlanger confirms the district courts fact-finding that mr. Harris's prior offenses were on different occasions violated his right to a jury trial and the benefit of reasonable doubt the government has not carried its heavy burden to show beyond a reasonable doubt that the error in this case was harmless the decisions and rivers and Cognell confirm as much three of mr. Harris's drug offenses were part of a single by bust scheme orchestrated by a county task force the three sales happened within under a month each involved the sale of the same drug to the same informant or the same price in the same place the police declined to make an intervening arrest and all the charges were resolved simultaneously with concurrent sentences so the question is could could a rational jury instructed under Erlanger have some reasonable doubt about whether these sales were different occasions the answer is a resounding yes a rational jury applying the multi-factor different occasions test could reasonably believe these offenses constituted one occasion indeed in Cogdell the Sixth Circuit held that two drug sales happened in the same County three months apart the government could not prove beyond a reasonable doubt that the Erlanger error was harmless and in rivers the court reasoned that if a jury might reasonably conclude that prior sales were part of a single criminal episode the error is not harmless all the court could say for certain is that the record does not establish beyond a reasonable doubt that the jury would have found unanimously and beyond a reasonable doubt the first offense was in 2007 right correct your honor okay so really we would have to determine whether reasonable jury would think that at least two of the three crimes later were separate right on separate occasions I agree your honor our focus is on the 2014 drug offenses we don't have to come we wouldn't have to say that a jury would conclude they were each three separate offenses just that somehow there are at least two right we are frankly not gonna focus on that we're not gonna argue 2007 so yes your honor you're correct I agree with that so what about what about Justice Kavanaugh's statement in wooden that courts have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart or at a significant distance right so a few things about that Justice Kavanaugh was in dissent I believe and he did not earn that opinion did not get a majority support from the Supreme Court even though mr. Erlinger's burglaries themselves happened over a span of multiple days and there were two restaurants a pizza shop and another establishment burglarized by mr. Erlinger across several days the Supreme Court declined to say this or reach whether this was some sort of an Erlinger and one thing I would also just say is Erlinger clarifies that the multi-part wooden test as part of a holistic analysis and it emphasized that no particular lapse of time or distance automatically separates occasions so what is necessary is often an analysis of the character and purpose of the offenses as well whether they were united in a common scheme or purpose and although we don't have the burden of proof it's the government that has to prove beyond a reasonable doubt the harmlessness of the error you could look at even the sentencing record and there's considerable evidence there where you have the same informant same mo in less than a month and the same task force orchestrating a scheme a jury could reasonably say this is one occasion when we had crimes that occurred spaced out let's say a week apart each one but the crimes were very different they were in different state they took place in different states let's say and they were very different nature maybe one is a robbery of a pizza shop another one is a drug offense another one is something would you still say that that would have to go to a jury or is there ever a situation in which a court could look at this and say yes these are definitely different occasions it's difficult to say your honor and it's hard to draw a bright red line because this is a question that should belong with the jury and that's Erlinger is involving a multi-factor test of course I assume that there are situations where it could be a harmless beyond a reasonable I can't rule out the possibility that would be a certainly a close case your honor if you had different character of crimes different very different locations and different natures will have to resolve that tricky question here because the mo and the character and nature of the offenses is strikingly similar in the words of rivers but there's also beyond that evidence that they're united under a common scheme which is this county task forces is investigating this individual and they intend to continue these sales and they declined to make an intervening arrest because the police intended to keep this event going I certainly don't think we have a decision from the Supreme Court saying that every time if you sell to the same person set aside informant if you sell to the same person that necessarily is on one occasion right I mean I think I think it might be a little bit of an overreading to say that that means it's on one occasion necessarily I don't disagree with your honor but the point simply is could a reasonable jury a rational jury instructed under Erlinger have a reasonable doubt and that's the modest simple okay so how about this speaking of modest simple questions let's say that I walk across the street to buy a chicken shawarma sandwich from there's a I buy it one day and it costs $12 then three weeks later I'm hungry so I walk back over and order the same sandwich from the same guy at the counter for the same price did those sandwich purchases happen on the same occasion here's the difference between that and this so the first time you probably went to the shawarma shop first yes sir like did they happen on the same occasion what the question is could a reasonable rational jury and my question is did those sandwich purchases to you as an ordinary speaker the English language happen on the same occasion person could say that there are different occasions but here's the difference though the difference between that scenario and that's the first time you went to the shawarma shop you didn't necessarily have a plan to go back to the shawarma shop three weeks later you it's a coincidence because it's close by to the courthouse you like their shawarma sandwiches and they're great in contrast here there could be a reasonable doubt about whether really this was one agreement to for mr. Harris to sell the informant $120 worth of crack cocaine and it just the informant didn't have $40 $120 at once so it just had to be executed in three installments there was a standard that there has to be some marginally plausible scenario in which it could have been one occasion I mean that's that seems higher to me than what Erlinger is requiring oh well I think that certainly we could show a plausible Senate a jury could plausibly find a single occasion because we have mounting empirical evidence that juries are looking at they're taking to heart Erlinger's instruction to consider the nature and character of the offenses and for example in the United States versus Willis a jury looked at robberies at different locations two weeks in between each other and still declined to find different occasions and the Sixth Circuit in Cogdill said it's not harmless beyond a reasonable doubt where there was a three-month gap and the Sixth Circuit looked at that jury verdict and said this kind of illustrates the point that no lapse of time automatically resolves this and rational juries really take to heart what what Erlinger is saying which is don't just focus on the lapse of time or distance also look at the character and purpose of the offenses and are they united in a common scheme or purpose which is what we have here so your honors we submit that this error cannot be shown by the government beyond a reasonable doubt to have been harmless and unless the court has any further questions for me I will reserve the rest of my time for rebuttal thank you miss weenie thank you good morning your honors counsel and may it please the court applying the factors set forth in wooden it is clear beyond a reasonable doubt that a jury would have found that at least three of Harris's prior serious drug convictions offenses were committed on separate occasions as the Supreme Court recognized in wooden a single factor can be and often is determinative and here that factor is time and as this court recognized in pen 30 days yields an obvious answer that drug sales to the same undercover officer took place on separate occasions here Harris's admissions and convictions established that he committed at least three offenses on a separate occasion on separate occasions as the PSR set forth Harris sold cocaine in 2007 and then he three cocaine sales over 30 days in 2014 as Penn recognized no reasonable person would say that Harris's sales of cocaine the last two of which were 32 23 days apart occurred on the same occasion and in looking at what harmless error is in this regard I would point to this court's pain decision which itself relies on an earlier decision called Candelaria which itself relies on neater and in neater the court looked to whether the omitted element is supported by uncontroverted evidence and whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element so this goes to judge grants point that we're not looking for any possible scenario where something could happen instead we're looking at this record and deciding if the omitted element is supported by uncontroverted evidence and here I would say it is because we have the convictions we have the judgments we have the information and we have Mr. Harris's lack of objection to any of the facts underlying these offenses and then next you look to whether the record contains any evidence that could rationally lead to a contrary finding about the contested issue and here there is nothing there's nothing here that suggests that a reasonable person as the court decided in Penn with 30 days wouldn't say that 23 days also means that these are totally separate occasions I think in the United States versus rivers of panel in which I sat we said that a jury might find that for sales over the course of eight days were a single offense because there were details and evidence such as it was the same confidential informant it was in the same location it was set up by the same people and and we sent that back for resentencing so how is this case different and I think it's the difference between the time period in Erlanger and in rivers which are markedly similar and the one that we have here this is a longer span of time that's closer to Penn where the answer has been deemed obvious to a reasonable person if you're if you're relying solely on the difference in the time frame aren't you falling back into what wouldn't set you can't do which is treat that one factor as determinative I don't I don't think wouldn't said that your honor I think that Erlanger says that wouldn't and that the wooden test means that no one factor is automatically determinative but that doesn't mean that a single factor can't be determinative and wouldn't in fact says that a single factor is often determinative in the separate occasions inquiry and so I think to marry up those two statements between wooden and Erlanger by saying that it's not automatic I think all that means is that every in in every case that factor is not going to always be determinative essentially we shouldn't instruct juries that any particular lapse of time automatically equals a decision under Erlanger or wooden but it doesn't mean that even here in this case you can see it there are lapses of time that even my colleague doesn't contend don't mean these aren't separate occasions so looking from 27 to 2014 there's there's no dispute there that that amount of time here means that these are separate occasions and so it's you to put them together just because it's not automatic doesn't mean that a single factor can't be determinative and can't here show beyond a reasonable doubt that the jury would have found separate occasions what kind of evidence do you think you might have to show or what kind of evidence do you think might defeat the conclusion that you're looking for with crimes that took place in the same span that these crimes took place in I think that the eventuality that was discussed in my colleagues argument essentially if there were some sort of a a deal that was set up in in multiple parts and kind of one fell swoop I want to buy you know this much cocaine from you but I'm going to do it over a three-week period perhaps that could and and you can kind of that that might be something that could do it but there's simply nothing in this record to suggest that that's what happened and I do think the court can look at that on harmless error based on meter and based on Candelario and here we have crimes that occurred in the same county and the Sixth Circuit said in Cogdill that could be the same place for all we know were made to the same confidential informant law enforcement met with the informant before each sale and included the same drugs for the same amount why is that closer to rivers I think that Cogdill is what the Sixth Circuit decided I would say that Penn is what this court has already decided about a very similar situation and was the 30 days it also involved sale of drugs to the same person in the same place it has factors that are very similar to what we have here and I would say that this court should look to Penn rather than to what the Sixth Circuit did in Cogdill your honor's that there are no further questions the United States will rest on its briefs thank you thank you your honor's just a couple of points the government agrees that if this were really one essentially one scheme or one transaction to sell $120 worth of cocaine carried out over three installments then that could a jury could find that that was the same occasion but that there's nothing in the record to support that and I disagree on two points one is we do not bear the burden the government has the burden to prove harmlessness and to prove it beyond a reasonable doubt we don't have the burden and the second point is even if we did there is evidence in the record to support that this could we could put before mr. Harris could have argued that it was really a single scheme but going to Penn which the government relies upon we'll start at the surface level and then go a little bit deeper on that so the surface level I think there's a factual difference that could matter before a jury that you have 30 days between two events versus six day 23 day again that's in the eyes of a jury instructed under Erlinger I think that distinction shows more of a continuous stream of conduct than just a single 30-day gap wouldn't this couldn't you also say that the kind of a randomized length between the offenses suggests that they were not part of the same scheme if you had a payment plan wouldn't you maybe meet every Tuesday I disagree not necessarily and again I don't think I think that a rational jury could still find the same occasion and not be persuaded by the randomized gaps in time also considering to that the informant probably knows set those dates and the reason I bring the reason I say that is because in rivers the court noted that there were multiple addresses but that two of the addresses were selected by the informant so the court has put some noteworthiness upon the fact that the government or the informant seems to affect the dates or locations perhaps but the other thing I would say is Penn is also decided before we have the benefit of Erlinger's instruction that no particular lapse of time or distance is automatic and also Penn was decided an environment where this is just this was determined by a judge under a lower preponderance of the evidence standard and now Erlinger makes clear this is under an elevated proof beyond a reasonable doubt standard and a has to be unanimously make the decision. Penn does say no reasonable person would say that Penn's two sales of cocaine 30 days apart occurred on the same occasion and offenses no more occurred on the same occasion than two baseball games between the same teams at the same stadium one month apart. Sure. I don't think that Penn indicated a lot of uncertainty about what the result was there. No reasonable person applying a lower preponderance standard it's different when you have to get 12 jurors unanimously under a proof. It doesn't it doesn't say that it says no reasonable person. We also have early so when Penn says that in the preceding paragraph it cites Woodin's language about in many cases a single factor can be dispositive and then it goes on to say what it says but Erlinger under after Erlinger it's done a little bit differently and a jury would be instructed under Erlinger today and under Erlinger the jury would be instructed that no lapse of time or distance is automatic and instead an analysis of the character and purpose of the offenses is part of their inquiry and again we have empirical evidence that juries are taking that qualitative aspect of Erlinger to heart. They are weighing whether offenses are similar in character or purpose and finding that even when they're weeks apart that they were still not proven beyond a reasonable doubt to be different occasions. What what do you think we don't have facts here right where we have a limit a limited set of facts. I agree and that inures against the government. Sure. They have the burden of proof beyond a reasonable doubt. But what do you think is a scenario do you think not not could a jury plausibly conclude this but what an ordinary reasonable person say was a scenario that meant that drug sales a month apart happened on the same occasion. What would it take to make that factually true? Set aside what a jury could imagine but what does it really mean to have something be on the same occasion if it takes place a month apart? I think that if they were part of a plan or part of a scheme then one person could say they're an occasion and people. Why I mean why why is that why is that true? I mean I could I could have many plans with if I have a plan to have dinner with friends on the last Friday of every month that doesn't mean that all those dinners occurred on the same occasion. But people take and juries are showing they take a common-sense flexible concept of occasion consistent with Erlinger's instruction the way a person might call Mardi Gras on occasion even though it spans a few weeks but juries do we we see that they can view an occasion flexibly as covering a span of time especially if they're united in a common scheme or purpose as the record shows here. I see my time is up. We asked the court to vacate Mr. Harris's sentence and remand for resentencing without the application of the ACCA. Thank you your comment. our next case up is